73   378
d75  521

MARTHA WISEMAN *v.* N. J. PARKER, ADMR., ETC.

1. EXEMPT PROPERTY. *Homestead. Selection by owner. Widow of owner.* *Code* 1892, § 1972.

   Under § 1972, code 1892, the right to make a selection of a homestead, by statutory declaration, is in the owner of the land, and, when he has died without having exercised such right, his widow, to whom the homestead has descended, as tenant in common with their children, has no such right of selection.

2. SAME. *Homestead. Quarter section containing dwelling house. Allotment not confined to same. Code* 1892, §§ 1975, 1976.

   On the allotment of a homestead, under §§ 1975, 1976, code 1892, to consist of "a tract of land in the form of (1) a square, or (2) a parallelogram, if practicable, and composed, if practicable, of contiguous parcels, and including the dwelling house, and, if practicable, the other principal buildings, and not to exceed one hundred and sixty acres in area nor two thousand dollars in value," there is no legal requirement confining the allotment to the quarter section on which the dwelling house is situated, although such legal subdivision is in the form of a square, and does not exceed one hundred and sixty acres in area nor two thousand dollars in value.

3. SAME. *Allotment. Practicability. Court should not make same. Commissioners. Code* 1892, § 1975.

   The condition of practicability annexed to the preference of one mode of allotment over another, expressed in § 1975, code 1892, regulating the allotment of homesteads in rural lands, has reference to the rights and welfare of both the exemptionist and creditors, and such an allotment should not be made by the court itself, a commission of freeholders or householders, familiar with lands and agriculture, being better able to make the same with reasonable fairness and accuracy.

FROM the chancery court of Union county.

HON. BAXTER MCFARLAND, Chancellor.

The personal estate of his intestate being insufficient to pay debts, N. J. Parker, administrator of J. M. Wiseman, filed his bill against the widow and children of the decedent for the sale

of all of the lands owned by him at the time of his death, save and except the northeast quarter of a certain section, on which the dwelling house was situated. This legal subdivision he alleged constituted the homestead exemption of the widow and children.

The widow of the decedent, in her answer, admitted that the dwelling house was located on the quarter section mentioned, but denied that the entire quarter section was held by her as a homestead. On the contrary, she alleged that, while the family residence was on the part thereof claimed by her as included in her homestead exemption, that she did not claim the southwest quarter of said northeast quarter as part of her homestead, but, instead thereof, the northeast quarter of the northwest quarter of the same section, which adjoined the land claimed by her in the northeast quarter, and, with it, made up the area of one hundred and sixty acres. She further alleged that, since the filing of the bill, but before she was required to answer the same, she formally selected the land so claimed as a homestead, by declaration duly made under § 1972, code 1892, and that she has occupied and claimed, as her homestead, the land so selected ever since the death of her husband in 1894.

On the hearing all the facts set up in the answer were admitted to be true. The court granted to complainant the relief prayed, the forty acre tract claimed by the widow as part of the homestead, but lying in the quarter section adjoining that on which the dwelling house was situated, being included in the lands decreed to be sold for the payment of debts. From this decree the widow appealed.

Section 1972, code of 1892, under which the defendant claimed to have selected the homestead, provides that "any citizen entitled to a homestead and desiring to select the same, and obtain the advantages of such selection, may make a declaration thereof" in the form prescribed, which shall be filed for record and recorded in the homestead record in the office of the chancery clerk, etc. The section next following,

1973, provides that "the declaration for not more than one hundred and sixty acres and not exceeding in value two thousand dollars, . . . after being filed for record, shall be notice to all persons to be affected thereby, and shall bind the exemptionist, his wife, and his creditors until he shall execute a new declaration, etc., and shall entitle him to hold the same as exempt to the extent of such value."

*C. Lee Crum*, for the appellant.

1. Mrs. Wiseman was "a citizen," and, a homestead being exempted to her, she could select the same under § 1972, code of 1892.

2. The statutory provisions prescribing how the homestead shall be allotted (§§ 1975, 1976, code of 1892), have application only to cases where there has been no selection.

3. There is no absolute requirement in these provisions that the homestead shall be in the form of a square. There are but two definite restrictions upon the allotment. One is that the land must not exceed 160 acres in area; the other, that it shall not exceed $2,000 in value. Every other direction of the statute is made to depend on the practicability of the several methods of allotment mentioned, in the order of their preference.

*Stephens & Robertson*, for the appellee.

1. The wife has no vested estate in the homestead of the husband, during his lifetime, either under the act of 1873 (Acts, p. 78), or under § 1983, code of 1892. *Billingsly* v. *Neblett*, 56 Miss., 537; *Smith* v. *Scherck*, 60 *Ib.*, 491; *Duncan* v. *Moore*, 67 *Ib.*, 136; *Massey* v. *Womble*, 69 *Ib.*, 347; *Pounds* v. *Clark*, 70 *Ib.*, 263. On his death she takes only the homestead devolved upon her by law, which is "the house and land constituting the family residence," the whole not to exceed a prescribed area and value. 9 Am. & Eng. Enc. L., 424; Code of 1892, § 1970. Her homestead right under the law cannot

be affected by her assumption of the right to select the same,. either before or after the institution of suit.

2. The dwelling house being situated on a legal subdivision of land of the exact area and form prescribed by law, the homestead should be confined to such legal subdivision. It was the 160 acres occupied by her husband in his lifetime, and will be taken to have been his homestead, as he died without selecting any other, and, being his homestead, it was the one that descended to her and her children.

WOODS, J., delivered the opinion of the court.

Mrs. Wiseman had no title nor any vested interest in the lands of her husband during his life, and at his death, by legal devolution, there was cast upon her and her minor children, the homestead of the husband. She took this homestead precisely as the husband left it, and was without power to make a selection of a homestead under § 1972, code of 1892. This right to select by a statutory declaration belongs solely to the owner of the lands. If the husband had, during his life, selected the homestead, the wife would be confined to that selection; if no selection has been made by the husband, then the wife may have an allotment of the homestead, as provided by our statutes in similar cases—for example, as in § 1976 of our code, where provision is made for allotment of the homestead where none has been selected by the exemptionist, in cases where officers holding executions are driven to levy on lands, there being no other property out of which the execution may be satisfied.

While the appellee's selection of the homestead was not allowable, as the court below properly held, yet it was error to allot her, by the court's own action, the quarter section on which the residence of the husband in his lifetime was situated. The statute, § 1976, code of 1892, directs the following general method of designating a homestead in those instances where there has been either no selection or an improper selection: ''A tract of land in the form of (1) a square, or (2) a par--

allelogram, if practicable, and composed, if practicable, of con-
tiguous parcels, and including the dwelling house, and, if prac-
ticable, the other principal buildings, and not to exceed one
hundred and sixty acres in area nor two thousand dollars in
value.'' The only absolute requirements are that the land shall
not exceed one hundred and sixty acres in area nor two thou-
sand dollars in value, and that the tract allotted shall include
the dwelling house. The allotment shall not necessarily be,
first, a square, nor, second, a parallelogram. It need not in-
evitably include the buildings other than the residence, nor be
composed, in any event, of contiguous parcels. If practicable,
regard being had to the rights and welfare of the exemption-
ist as well as to the rights of creditors, a square embracing
one hundred and sixty acres, and worth two thousand dollars,
shall be allotted. If that be not practicable, then a parallelo-
gram of the like area and value shall be allotted, if practicable
in the sense of this word just indicated by us. But if neither
of these be practicable, reference being had to the situation,
value and convenience of the lands to be allotted, the rights of
creditors meanwhile not being sacrificed by an unfair and un-
conscionable cutting up of the estate in the allotment, then
such other allotment may be had as may appear fair, reason-
able and not oppressive, not to exceed the statutory area and
value, and to include the residence. The statute is silent as to
legal subdivisions, and an allotment with any boundaries which
did not sacrifice the interests of creditors, would not be ob-
noxious. The lines of a square quarter section are no more
sacred than any other lines, and they may bound an allotment
manifestly unfair 'to the exemptionist, for there may be, and
doubtless are, innumerable quarter sections of land which are
absolutely valueless, except for the dwelling house thereon
situated.

It is evident, therefore, that, in the nature of things, a court,
of itself, cannot make an allotment which, properly made, de-
mands knowledge of and acquaintance with the entire premises

out of which it is to be carved, while it is probable that a fair-minded, intelligent commission of freeholders or householders, familiar with lands and with agriculture, could and would be able to make the selection with reasonable fairness and accuracy.

*Reversed and remanded for further proceedings in accordance with the foregoing opinion.*