WILLIS *v.* ALLEN *et al.*

[95 South. 435. No. 23091.]

HOMESTEAD. *If law governing procedure where homestead levied on under clause that its value exceeds statutory exemption not strictly followed, levy may be enjoined; method of valuation of exempt homestead not defeated by conflicting evidence as to value not arrived at under statute.*

Where a judgment creditor causes execution to be levied upon a homestead claimed by the creditor to be worth more than the statutory value allowed a homestead, he must follow the provisions contained in section 1828, Hemingway's Code (section 2153, Code of 1906); and if he does not do so, the exemptionist is entitled to have the execution enjoined. The method of valuation and the privileges provided in this section cannot be defeated by a trial in equity on conflicting evidences, as to value not arrived at in accordance with the statute.

APPEAL from chancery court of Bolivar county.

HON. G. E. WILLIAMS, Chancellor.

Suit by Dempsey Willis against N. R. Allen and another, to enjoin defendants from the levy of an execution upon his property, on the ground that it was exempt as his homestead. From a decree permanently enjoining defendants as to a portion of the property and dissolving the temporary injunction as to the balance, plaintiff appeals. Reversed and judgment for plaintiff.

*J. C. Walker and Clayton D. Potter,* for appellant.

We submit that the uncontradicted evidence shows that the entire property was a homestead, and that a homestead in an incorporated town is incapable of division, and where such homestead is levied on, the entire property must be sold in the manner provided by section 1828, Hemingway's Code, section 2153, Code of 1906, and the execution debtor paid the sum of three thousand dollars.

The manner provided by section 1282, Hemingway's Code, section 2153, Code of 1906, for the sale of a homestead worth more than three thousand dollars and not capable of being divided in kind, is as follows: "If the premises be not capable of being so divided as to set off the debtor a part, including the dwelling house and not exceeding three thousand dollars in value, inclusive of improvements, or if the debtor have made a valid homestead declaration, and the homestead exceed three thousand dollars in value, the householders or freeholders shall value the land, inclusive of the dwelling house and buildings, and if the surplus of the valuation, over and above the exempt value, shall, within sixty days, be paid by the execution debtor, the premises shall not be sold; but if the surplus be not paid within sixty days after the valuation, the officer may advertise and sell the premises, if the same shall bring a greater sum than the exempt value; and out of the proceeds of the sale he shall pay to the execution debtor the sum of three thousand dollars."

In the case of *Rhyne* v. *Guevara,* 6 So. 736, our court said : "It is true that the sheriff may not lawfully seize and sell part of a homestead, and must proceed as directed by the statute in such case; but lot 148 had been so treated and dealt with by the owner as to justify the conclusion that it was not part of his homestead, but distinct from it."

The only practical way, the one provided by statute and the one sanctioned by authority, for the sale of a homestead where it is one piece of property and is worth over three thousand dollars, after complying with the provisions of section 1828, Hemingway's Code, section 2153, Code of 1906, is to proceed to sell the entire property and give to the execution debtor from the proceeds of such sale three thousand dollars.

*Norman R. Allen,* for appellee.

It is contended that the case should be reversed and remanded and the injunction perpetuated because counsel says that the decree is in violation of statute which provides the manner of the filing of the homestead and provides that a portion of the homestead shall not be sold. Of course, it is our contention that the sale of the east half of lot No. 5 will be a sale of unexempt real estate of the judgment debtor.

On the other hand we respectfully submit that the court will not vacate the finding of the lower court if it considers the lower court correct in its finding on facts but that if its decree is erroneous then this court sitting as a court of equity would sustain the lower court and should modify its decree so as to conform to the statute established if the opinion that the court has erred in this respect alone and that in such case the decree of your court will be that the property be sold as a whole and the amount due to the exemptionist, to-wit: "Three thousand dollars be paid to him and the excess of that applied to the payment of the judgment debt. If that should be the judgment of this court then the sheriff will have no trouble find-

ing a buyer who will bid more or a sufficient amount to set over to the judgment debtor his three thousand dollars and pay the judgment debt of Arthur Barney.

We respectfully submit that the finding of the facts in the lower court is correct and its decree proper and should be sustained by this court on appeal.

*Shands, Elmore & Causey,* for appellee.

The appellant further finds objection to the decree on the ground that the court is permitting the sheriff to sell part of homestead and section 2153 of Mississippi Code of 1906 is cited. This section cannot be now invoked because none of the conditions exist, which cause the statute to apply, and it cannot be invoked now for other reasons which we will hereinafter show. The conditions which must exist are: First, the premises must be incapable of being divided so that the debtor cannot retain his dwelling house inclusive of improvements having a value of three thousand dollars, or, second, the debtor must have made a valid homestead declaration, and the homestead exceed three thousand dollars in value.

Each of the above provisions were enacted for the protection of the exemptionist, and he may waive such privileges if he chooses. In this case the levy was made upon the entire holdings of the debtor, which included both lots and the houses. He came into court and enjoined the sale, averring that all of the property was his homestead and having a value less than three thousand dollars, and asked that the injunction be made perpetual against the sale of all of the property. The appellees filed their answer, and denied that appellant was entitled to east half of lot 5, as exempt and averred as a fact that the east half of lot 5 was no part of the homestead, and was subject to sale. So then the issue was made as to whether or not the east half of lot 5 was subject to sale under the execution which had already been levied. Appellant did not see fit to question the sufficiency of the answer. Proof was heard on that

proposition, and no objection was made to the questions or answers during the trial which had for their purpose, showing the location or value of this property. The court heard the proof and by its decree, did not allot to appellant certain property as his homestead or divide his homestead, but held that under the issues and proof, which were submitted to him, that the east half of lot 5 was subject to the levy and sale, and held that by making sale of such property, the appellant would not be rendered homeless.

The appellant's bill was not framed with the idea that the property was valued at more than three thousand dollars or was capable of division, but on the idea that it was valued at less than three thousand dollars and incapable of division. The chancellor found in this case, that the property which he owned and occupied as a residence, was valued and occupied at more than three thousand dollars, and that the east half of lot 5, was capable of being sold and that by such sale, the property occupied as a residence by the appellant would not be disturbed and that he would still have left to him after such sale, a home with improvements valued at three thousand dollars, which is all the law allows an exemptionist.

The making of the homestead declaration by the appellant, in which he included the east half of lot 5 does not make the east half of lot 5 his home; such declaration is an *ex parte* proceeding, in which the exemptionist is not even put under oath. If the east half of lot 5 is not exempt, the judgment lien attaches to it, on November 22, 1921, the day the judgment was rendered, which was more than forty days before the homestead declaration was filed, and such lien exists until the execution based on such judgment has been satisfied. If the east half of lot 5 is the homestead of the appellant, it was not necessary for him to make his declaration. The law confines the homestead to the parcel owned and occupied as a residence by the debtor and any property included not sanctioned by the law, the privilege does not extend thereto.

The statutes require him to make a valid homestead declaration such a declaration, sanctioned by the law, or which the law will uphold or enforce. Therefore, the property is subject to division if such sale is made, and the appellant will still have his dwelling house and improvements valued at three thousand dollars or more undisturbed, and any declaration including other property is invalid.

If, as a matter of fact, the east half of lot 5 is not part of the homestead, then the sheriff may be authorized to proceed to sell it. This is recognized as being proper in *Rhyne* v. *Guevara*, 6 So. 735, *supra*.

In conclusion we say: That, when the appellant moved from the east half of lot 5 into the middle part of lot 6, and then rented to tenants the dwelling houses located on lot 5, he then ceased to occupy, as contemplated by the exemption laws, the houses on lot 5. That by renting the dwelling houses on lot 5 to tenants, such tenants thereby acquired all appurtenances to such dwelling houses and if the appellant is using such appurtenances, he is using them with the consent and permission of his tenants. The tenants by reason of their renting such houses have the complete right and privilege to control the appurtenances necessary to cause the dwelling houses located on lot 5 to be habitable. That the exemption statutes contemplate actual occupancy of property as a residence, constructive occupancy or possession through tenants is not sufficient. That by renting the property to tenants is sufficient to show that the appellant has considered and has treated the property on lot 5 as not being a homestead.

But if the court should decide to not sustain our position on the above proposition, then we say that the proof sustains the decree of the lower court and the cause should be affirmed because the proof shows that the middle part of lot 6 and improvements have a value exceeding three thousand dollars and by a forced sale of the east half of lot 5, the appellant will not be rendered homeless; he will still

have a home where he actually resided, having a value in
excess of three thousand dollars.

ETHRIDGE, J., delivered the opinion of the court.

The appellant owned the east one-half of lot 5 and the
middle part of lot 6, and also four feet off the north end
of the east part of lot 6, Promised Land addition of Shaw,
Miss. He purchased first the east one-half of lot 5, which
had certain residences or cabins situated thereon, and af-
terwards bought the property in lot 6, and upon this prop-
erty erected in the year 1920 a bungalow at the cost of
two thousand one hundred dollars. The appellant moved
into this new building, but had his water hydrant and some
outbuildings on the east one-half of lot 5, which he used
as incidents to his residence, having no water connections
on the property in lot 6. The four-foot strip above re-
ferred to lies south of the east one-half of lot 5 and joins
the middle part of lot 6 on the northeast, and the whole
premises so described are in one inclosure. In two of the
houses on lot 5 appellant had tenants who also used the
hydrants and closets on that lot. He also had one wage
hand, who occupied one of the cabins.

In 1921 a judgment was obtained against the appellant
in the circuit court for four hundred sixty-five dollars, and
this judgment was assigned to the appellees Allen and
Collier, who caused execution to be issued thereon, and this
execution was levied upon all of the property above de-
scribed by the sheriff on the 14th day of April, 1922, and
notice of sale under execution published by the sheriff;
whereupon the appellant sued out a writ of injunction, al-
leging that he was the owner of said property, and that he
occupied it with his family as a homestead, and that he had
filed a homestead declaration in the records of the county,
designating said property as his homestead and alleged
that the said property was worth less than three thousand
dollars. The homestead declaration was filed of record on
the 19th day of January, 1922, before the levy of the ex-

ecution was made. The writ of injunction was issued and answer filed, and a motion made to dissolve the injunction, in which answer it was alleged that the appellant was not entitled to an exemption because he had formerly been divorced from the woman now living with him as his wife, and that after such divorce and prior to his remarriage appellant contracted a common-law marriage with Lulla Buchanan or Lulla Willis, and that he had obtanied no divorce from said Lulla Willis.

The proof for the appellant showed that he bought the property in question in 1920, when values were higher; that the original price paid for the property on lot 5 was two thousand one hundred dollars, and that the original price paid for the property on lot 6 was three hundred fifty dollars, and that the cost of the new bungalow on lot 6 was two thousand one hundred dollars, but that, since said time, property had greatly depreciated in value, and that the appellant had offered to sell all of said property for three thousand dollars, and that he was willing to take that sum therefor at the time of the trial. Several witnesses testified that the property was worth less than three thousand dollars, as it then stood. Other witnesses for the appellees testified that the property was reasonably worth from three thousand three hundred dollars to four thousand dollars. The levy of the execution, as shown by the sheriff's return, was not made in conformity with section 1827 or section 1828, Hemingway's Code (sections 2152 and 2153, Code of 1906) but the chancellor proceeded to hear evidence concerning the value and then decreed that the injunction be made perpetual as to the property in lot 6, and that it be dissolved and the sheriff be allowed to proceed with the sale of the property in lot 5, above described.

Section 1822, Hemingway's Code (section 2147, Code of 1906), provides for exemptions in cities, towns, and villages, and that every citizen of this state, male or female, being a householder and having a family, residing in any city, town, or village, shall be entitled to hold, exempt from seizure of sale, under execution or attachment, the land

or buildings owned and occupied as a residence by such persons, not exceeding in value three thousand dollars, etc. Other sections provide for rural exemptions an amount not exceeding one hundred and sixty acres and not exceeding three thousand dollars in value.

Section 1823, Hemingway's Code (section 2148, Code of 1906), provides for a selection of homestead, which may be recorded in the records of the county, and that such notice, after being filed for record, shall be notice to all persons thereby affected and shall bind the exemptionist, his wife and his creditors until he execute a new declaration.

Section 1827, Hemingway's Code (section 2152, Code of 1906), provides for the allotment of the homestead where a homestead declaration has not been filed, and what shall be done in executing process to be levied thereon in case it exceed the quantity or value allowed the exemptionist.

Section 1828, Hemingway's Code (Code of 1906, section 2153), reads as follows:

"If the premises be not capable of being so divided as to set off the debtor a part, including the dwelling house and not exceeding three thousand dollars in value, inclusive of improvements, or if the debtor have made a valid homestead declaration, and the homestead exceed three thousand dollars in value, the householders or freeholders shall value the land, inclusive of the dwelling house and buildings; and if the surplus of the valuation, over and above the exempt value, shall, within sixty days, be paid by the execution debtor, the premises shall not be sold; but if the surplus be not paid within sixty days after the valuation, the officer may advertise and sell the premises, if the same shall bring a greater sum than the exempt value; and out of the proceeds of the sale he shall pay to the execution-debtor the sum of three thousand dollars."

Section 1829, Hemingway's Code (section 2154, Code of 1906), provides for the contest of the allotment by the plaintiff; and section 1830, Hemingway's Code (section

2155, Code of 1906), how the allotment may be contested by the defendant. Construing all of these sections together, it is plain that, where a homestead declaration is filed, if the creditor undertakes to levy upon the property on the theory that the property is worth more than the maximum amount allowed, the debtor shall be notified and commissioners selected as provided in section 1828, with the privilege to the judgment debtor, after such valuation, to pay off the excess valuation within sixty days, or if he deems the valuation unfair, to contest it as provided in section 1830, Hemingway's Code, in the court to which the execution is returnable, which in this case would be the circuit court. We think it is clear from the proof in the record that the appellant's right to exemption extended to the entire property above described; it all being under one inclosure and he having reserved the right of use in the property, provided it does not exceed three thousand dollars in value. In other words, this record does not present a case where the judgment debtor has severed the property from his homestead, and he is entitled to claim his exemption in the whole property, up to three thousand dollars in value.

Inasmuch as the sheriff and creditors did not proceed as required by the above statutes in making the levy and having the property valued, the appellant was entitled to an injunction, and it was error in the court below to dissolve the injunction on this record, but it should have been made permanent, with the right in the appellees to issue a new execution and proceed in accordance with the law to determine whether the property exceeded the value fixed by the statute. The statute has prescribed a method for determining this question. The evident purpose of the lawmakers was to prevent either the creditor or the debtor defeating the rights of the other by raising a mere conflict between them for the trier of fact to decide. It was the purpose to have the value primarily fixed by disinterested persons, subject to the right of contest as provided in the statute. The privileges granted in these statutes would

be defeated by the proceeding in the chancery court under the facts in this record.

The judgment will therefore be reversed, the injunction made permanent, with the right of the judgment creditor to proceed in accordance with the statute, should he desire a new execution.

Reversed, and judgment here for appellant.

*Reversed.*