# Robert G. Bruce Co. *v.* Spears *et ux.*

(Division A. May 23, 1938.)

[181 So. 333. No. 33200.]

**Stone & Stone,** of Coffeeville, for appellant.

W. M. Mitchell, of Grenada, for appellees.

Cowles Horton, of Grenada, for appellees.

Argued orally by **W. I. Stone**, for appellant, and by **Cowles Horton** and **W. M. Mitchell**, for appellees.

**McGowen, J.**, delivered the opinion of the court.

The appellant, the Robert G. Bruce Company, a corporation, filed its bill against the appellees, J. T. Spears and wife, Mrs. Lizzie Spears, by which it sought injunctive relief and recovery of a personal judgment against J. T. Spears. J. T. Spears and his wife answered, denying the material allegations of the bill, and denying that appellant was entitled to injunctive relief or to any personal money decree. They made their answer a cross-bill and sought to recover the value of certain timber alleged to have been cut from their homestead and also the statutory penalty for the cutting of trees on their homestead. The court below allowed the appellant a money decree against Spears for the amount claimed, and sustained the cross-bill of appellees allowing a recovery for the actual value of the timber cut from the homestead and likewise the statutory penalty, which amount exceeded the personal decree against Spears. A judgment over was awarded the appellees for the difference, from which decree appellant appeals.

The allegations of the bill are in substance as follows: On March 4, 1936, J. T. Spears executed a warranty deed to Robert G. Bruce Company to certain timber on the

N.W.¼ of section 32, and W.½ of section 29, except the N.E.¼ of the N.W.¼ of section 29, and except 16 acres off of the north end of the N.W.¼ of the N.W.¼ of section 29, all in township 23, range 7 east, Grenada county, Miss., containing 424 acres. The deed was exhibited with the bill, and the consideration recited was $1,200, which was alleged to have been paid. Mrs. Spears joined in the deed and conveyed certain lands as a part of the same consideration to appellant, but the lands so conveyed by her are not here in controversy. The purchase price of the timber was paid out in the main to satisfy an existing prior deed of trust on the 424 acres, and the balance was applied to the payment of taxes in default. The deed of trust was satisfied and was exhibited. As to these payments, the appellant alleged that, in the event the title to any part of the timber should fail for reasons hereinafter stated, it should be subrogated to the value of the timber lost to it by the failure of the title and should have a judgment imposing a lien on the balance of the land not included in the homestead for the payment thereof. Appellant had proceeded to procure a party to cut and remove the timber, and shortly after that time it received two notices, by mail or by hand, which advised appellant that Mrs. Lizzie Spears had not joined in the conveyance, and it was warned not to cut the timber on the homestead. The notices did not describe the homestead and were signed by Mrs. J. T. Spears. After these notices Spears and wife followed up by repeated arrests of parties working in the camp engaged in cutting and removing the timber, and by violent threats against the lives and safety of the people engaged in the removal of the timber. The appellees never advised appellant as to the particular lands they had in mind as exempt, but from the prosecuting witnesses appellant learned that the parties were claiming the southwest quarter of section 29. There had never been any allotment under the statute of any of the 424 acres as a homestead, and this was all the land the Spears owned.

It was impossible for appellant to cut the timber under the threats and armed violence and menace presented by the appellees.

The bill further alleged that the appellant was entitled to remove the timber "in peace from the menace and threats of the appellees," and that the court should enjoin them from interfering with appellant or its employees and agents in their legal right to cut and remove the timber, but, if the court should find that it did not have the right to cut the timber, then it should recover $375 as the value of the timber on that quarter section. It further stated that appellant was entitled to be subrogated to the rights of the mortgagee in the deed of trust which had been paid off with the purchase price of the timber, and also to a judgment against J. T. Spears for the repayment of $375. It prayed for an injunction against the appellees to prevent them from interfering with the cutting and removing of the timber or for the value thereof as set forth, and for general relief.

The chancellor found that the timber in controversy on the southwest quarter of section 29 was located upon the homestead of the Spears, and that Mrs. Spears did not join with the husband in the deed, therefore, the Robert G. Bruce Company was entitled to recover $375 as the value of the timber not obtained by it. The chancellor further found that Spears and wife were entitled to recover $421.96, with interest, being the difference between the amount of $375 allowed appellant, and $47.59, the value of the timber cut, and $735, the statutory penalty for cutting said timber, allowed appellees, and denied injunctive relief.

The evidence shows that Spears and wife had lived on the southwest quarter of section 29 for about 22 years, and that title to the southwest quarter, as well as to the balance of the 424 acres, was in J. T. Spears, the wife had no title and only such claim as is vested in her on account of a homestead exemption. The lands were contiguous to each other, some of it being on the north side of

the southwest quarter and the balance on the south side thereof. Spears had never made any homestead declaration in accordance with section 1767, Code of 1930, nor was there any designation of a homestead as permitted by section 1770, Code of 1930, nor allotment under section 1771, Code of 1930.

At the instance of Spears and wife the court below undertook to allot the homestead on the trial of the issue between these parties, and allowed appellant a decree for the value of the timber on the homestead. It is not shown whether the entire tract of 424 acres was owned all the time by Spears, or whether he acquired the land at different times. The house occupied by the Spears for many years was on the southwest quarter, and Spears was a citizen of the state and a householder thereof having a family. There was no binding effect upon the court or anyone else in the method of selection of a homestead by the wife which we will say was agreed to and assented to by the husband in the written notices served by Mrs. Spears, which did not describe any particular land claimed to be the homestead by her. As liberal as this court has always been in the construction of the homestead exemption laws for the protection of a wife and family against an improvident husband and father, it cannot be left either to the husband or wife, or both, in cases like the one at bar, to so conduct themselves as to leave it entirely with them as to what lands shall be exempt when the acreage exceeds the statutory amount—160 acres in the country. Section 1765, Code of 1930. The southwest quarter here was 160 acres and did not exceed $3,000 in value.

When Spears made a warranty deed to all the timber on the entire 424 acres, which was all he owned, and reserved no exemption, of course the failure of the wife to sign that deed would make it void as to a homestead, as provided by section 1761, Code of 1930. But, these lands were in a compact tract—different subdivisions, but contiguous, and in such shape as that the exemptionist could

have claimed, after the execution of the deed, lands in various locations. It might have been that he could have so arranged his claim to exemption if it could be thus interposed as to defeat the entire deed conveying all the timber on the entire tract of land, exempt or nonexempt. After the execution of the warranty deed by Spears to the appellant the latter became vitally interested and had a right to be legally advised as to the claim of a homestead. Neither Spears nor the court which tried the issue between these parties had the right to arbitrarily fix the allotment of the exempt homestead. The owner of the land should have asked the court by proper petition to have the homestead designated by law as provided for in section 1770, Code of 1930, and the court should have appointed commissioners to make this allotment in accordance with section 1771 and applicable sections, et seq., Code of 1930. When Spears claimed a part of the timber conveyed by him as being on the exempt homestead, he thereupon became a debtor to some extent of his grantee.

In the case of Howell v. Bush, 54 Miss. 437, this court held that it was the duty of the chancery court in such situation to appoint a commissioner to allot the homestead in analogy to the statutes then in force, sections 2136 and 2137, Revised Code of 1871, as far as conformable to chancery procedure. In the case before us the exemptionist cannot be allowed, as he has created the situation we have detailed, to make his own selection in a manner different from that prescribed by the controlling statutes to which we have referred.

Likewise, in the case of Wiseman v. Parker, 73 Miss. 378, 19 So. 102, where the chancellor undertook to allot the homestead, this court held that action of the lower court erroneous, and stated that commissioners should have made the allotment. The court further said (page 103): "It is evident, therefore, that, in the nature of things, a court of itself cannot make an allotment which, properly made, demands knowledge of and acquaintance

with the entire premises out of which it is to be carved, while it is probable that a fair-minded intelligent commission of freeholders or householders, familiar with lands and with agriculture, could and would be able to made the selection with reasonable fairness and accuracy." See, also, Willis v. Allen, 131 Miss. 264, 95 So. 435.

It follows that the court below erred in undertaking to adjust the rights of these parties without first having the homestead allotment made as directed by statute, and he should not have made the allotment himself. We do not decide any other question in this case as this is at the threshold thereof, and, when the allotment is made by commissioners, the entire situation may or may not be changed; at any rate, the whole matter will then be before the chancellor to adjudicate the rights of the parties upon the conditions then presented to the court.

Reversed and remanded.