ROBERT G. BRUCE CO. *v.* SPEARS *et ux.*

(Division B. April 10, 1939. Suggestion of Error Overruled May
8, 1939.)

[187 So. 756. No. 33644.]

W. I. Stone, of Coffeeville, for appellant.

W. M. Mitchell, of Grenada, for appellees.

Cowles Horton, of Grenada, for appellees.

Argued orally by **W. I. Stone**, for appellant, and by **W. M. Mitchell**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is the second appearance of this case in the Supreme Court, the former appearance being reported in 181 Miss. 786, 181 So. 333, under the style of Robert G. Bruce Co. v. Spears et ux. The facts of the case, as they appeared in the original suit and at the time of the appeal first prosecuted here, are fully stated therein, and need not be repeated in this opinion. In that case the Court held that the Chancery Court could not select the homestead, nor could Spears and his wife do so, under the facts of the case; but that the Court should appoint commissioners to set apart a homestead under the statute referred to in the former opinion; and the case was reversed and remanded.

On the case being remanded, the commissioners were appointed by the court, and they set apart, as a homestead, the SW¼ of section 29, T. 23, R. 7 East; and the court found the actual value of the timber cut from the said SW¼ of section 29 to be $47.59, and that there was due to the complainant, appellant here, $375, with 6% interest from the date of the deed and the payment of the encumbrance on the lands of the appellees. The court also awarded the statutory penalty of $15 for each of the 49 trees cut upon the SW¼, above described, and set off the $375 as against the statutory penalty and the actual value of $47.59, and rendered judgment against the appellant for $421.96, with 6% interest per annum from this date, and adjudged that the complainant was entitled to everything carried by the deed except the right

to remove trees from the SW¼ of section 29, which is adjudged to be the homestead, and divided the costs, so that complications were adjudged to pay two-thirds and defendants one-third thereof. In the former decree the court allowed the time to cut and remove the timber from the land other than the SW¼, section 29, T. 23, R. 7 East; and allowed the complainants, the Robert G. Bruce Company, until January 21, 1941, in which to cut and remove the timber on the other lands; and the court adjudged that the homestead selected by the commissioners related back to the time of the contention retroactively, and allowed the statutory values as above sated.

The record shows, without dispute, that when the appellants bought the timber from J. T. Spears there was a deed of trust upon the lands involved, including the SW¼ of section 29, T. 23, R 7 East, which deed of trust was signed by both J. T. Spears and his wife, constituting a valid lien upon the homestead; and that the money received from the appellant was used and consumed in paying off this prior encumbrance, and in redeeming the land which had been sold for taxes, and in paying current taxes then due on the lands.

The original deed to the timber and the land here involved also covered lands of the appellee J. T. Spears' mother, Elizabeth Spears. His wife, whose name was Elizabeth Spears also, did not own any of the land embraced in the deed. The attorney for the appellant, who drew the timber deed and attended to the payments of the encumbrancers out of the money received from the appellant, testified that he was under the impression at the time of the execution of the deed that the appellee, J. T. Spears, was a widower. It therefore appears that J. T. Spears sold the timber on all the lands involved, consisting of 424 acres, and that he lived on the SW¼ of the lands conveyed to the appellant in his deed. The map in the record in the original appeal shows that the residence of the appellee, Spears, was situated on the NW¼ of the SW¼ of section 29, at least the position on the

map so indicates, and no homestead declaration was on file, or has since been filed, setting apart the homestead by the owner, and it was uncertain, in the attitude of the record, when the case was here before, as to what lands constituted the homestead; and a commission was required to designate such homestead. It was within the power of this commission to have designated other lands in part; instead of the entire SW¼, lands to the north and to the east of the homestead could have been included. The lands constituting the homestead, therefore, had not been designated when the 49 trees were cut on the SW¼.

Under the facts and circumstances of the case, we are clearly of the opinion that it was improper to allow a statutory penalty for the 49 trees so cut. In giving the notice not to cut trees upon the homestead, there was no description of the homestead therein, nor was it described in the affidavits prosecuting those who cut the trees, and the agents or persons who cut the timber on the SW¼, and on other parts of the land.

As the money of the appellant was used to discharge the encumbrances against the property bought from Spears, and inasmuch as the contract could not have been made without removing the liens, on any reasonable basis, when the bill was filed the appellant was entitled, on the refusal of appellee to permit the timber to be cut on all the property, to have revived the deed of trust and tax liens, and be subrogated to the rights of the holders, whose claims appellant's money had paid. It is true that the failure of the wife to sign the timber deed made the conveyance ineffective as to the homestead, whatever it was; but the wife did not own the property, and her rights in the matter were limited.

The court should have rendered a decree for the appellant for the $375, with interest at 6% per annum from the date of payment of the encumbrancers, and of the deed from Spears, and should have revived the lien discharged with appellant's money in his favor, subrogat-

ing the appellant to the rights of holders of the original liens as against all of the lands except the homestead; and should have enjoined the appellees from interfering with the cutting of timber on the other lands, and extended the time for the cutting, so that the timber might be cut and removed from the other lands; and as the Chancellor found January, 1941, to be a reasonable time, that judgment will be accepted. And as the Chancellor enjoined the appellants from cutting timber on the SW¼, that land having been assigned as a homestead, his action will be adopted and approved here.

The judgment of the court below, awarding statutory penalty, will be reversed, and judgment rendered here, awarding the appellant $375, less the $47.59 for the trees cut on the homestead—their actual value. And the decree here will direct that the appellees pay the amount of this sum within ninety days from the handing down of this opinion; if not paid within that time, the rights of the appellees in the other lands than the homestead shall be sold to pay such lien, to which the appellant is subrogated. The right of the appellant to subrogation was fully covered by the announcement of this Court in Box v. Early, 181 Miss. 19, 178 So. 793.

The costs in this appeal to be taxed against the appellees, and the costs in the court below to be divided equally between appellant and appellees.

Reversed and rendered.