SINGLETARY *v.* GINN.[*]

(Division A. Jan. 14, 1929. Suggestion of Error Sustained with *Remittitur* April 8, 1929.)

[121 So. 820. No. 27459.]

\*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 593, p. 701, n. 87; Frauds, Statute of, 27CJ, section 430, p. 351, n. 57; section 444, p. 366, n. 96. Oral contract for sale of timber as within the statute of frauds, see annotation in 47 L. R. A. (N. S.) 877; 17 R. C. L. pp. 1068-1071; 3 R. C. L. Supp. 758; 4 R. C. L. Supp. 1167; 5 R. C. L. Supp. 964; 7 R. C. L. Supp. 585.

̄*J. M. Alford* and *Williams & Hunt*, for appellant.

*Price & Price* and *Thos. Mitchell*, for appellee.

COOK, J. The appellee, J. B. Ginn, filed a bill of complaint in the chancery court of Walthall county against Gus Singletary and the Porter-Morgan Lumber Company, seeking to recover the purchase price of one hundred sixteen thousand feet of timber alleged to have been cut and removed from the lands of the appellee under an oral contract of sale of said timber at and for the price of five dollars per thousand feet, and also praying for a discovery of the amount of timber cut under said contract, and left on the ramps and in the swamps on the said land, and for a recovery of the contract price of five dollars per thousand feet for all timber so found to have been cut and not removed. Upon the conflicting proof at the trial of the cause, the court allowed as against the defendant, Gus Singletary, a recovery under the contract for one hundred sixteen thou-

sand feet of timber cut and removed to the loading ramps and for thirty-eight thousand four hundred forty-six feet found to have been cut and left in the woods, all at the contract price of five dollars per thousand feet, and, after allowing a credit of one hundred ninety-three dollars and twenty-four cents found to have been paid on this timber, entered a decree against the defendant, Singletary, for a balance of six hundred twenty dollars and twenty-six cents, and dismissed the bill as to the Porter-Morgan Lumber Company, and from this decree the defendant, Singletary, prosecuted this appeal.

The bill of complaint, as finally amended, sought to recover upon an oral contract of sale to the defendant, Singletary, of all of the cypress and poplar timber measuring twelve inches and up at the stump, standing, lying, and being on certain particularly described lands belonging to the appellee, at and for the price of five dollars per thousand feet. It is admitted in the answer of the defendant, Singletary, that he entered into an oral contract to purchase timber from the appellee, but he specifically denied the existence of the contract set forth in the bills of complaint, and averred that he entered into an oral contract with the appellee whereby he agreed to buy, and appellee agreed to sell, all of the timber, other than cypress and poplar, on certain lands belonging to him which measured fourteen inches and up at the top end of the log, and all cypress and poplar timber measuring twelve inches and up, for the price of three dollars per thousand feet to be paid for when such timber was cut and removed from said land.

The appellee offered testimony to establish the oral contract set forth in the bills of complaint, and, upon the conflicting testimony as to the contract between the parties, the court awarded a recovery on the oral contract as set forth in the bills of complaint for the amount

of timber found to have been cut on the land of the appellee.

On appeal, the appellant contends that the decree of the court below must be reversed for the reason that it is predicated upon an alleged verbal contract which is void under the statute of frauds (Hemingway's Code 1927, section 3325). In reply, the appellee contends, first, that the statute of frauds has no application to the contract here involved; and, second, that it cannot be here invoked for the reason that it was not set up in appellant's answer in the court below. We are of the opinion that both these contentions of the appellee are answered by the case of *Metcalf* v. *Brandon,* 58 Miss. 841, and that under the doctrine announced in that case, the decree of the court below was erroneous. In the *Metcalf case, supra,* the opinion states that the defendant did not by plea, answer, or demurrer set up the statute of frauds, and that, on appeal, it was insisted that the decree dismissing the bill as an attempt to fasten a parol trust upon land, in violation of the statute of frauds, was erroneous, because the defendant had not invoked the benefit of the statute. In discussing this question and the application and effect of the statute of frauds, the court said:

"It is well settled that, ordinarily, the statute of frauds, if desired to be availed of, must in some way be set up by the defendant. Brown on Stat. Fr. (2 Ed.), section 508 *et seq.* But, while this is true, it is still impossible for the court to enforce a parol contract which is denied by the defendant. It is only where the defendant admits the contract, or at least fails to deny it, and also fails to set up the statute, that it can be enforced. If he admits it in writing, by pleadings over his signature, the terms of the statute are met, and the court will proceed to investigate and determine the further facts that he may set up in avoidance of it, as in other cases. So, also, where he fails to deny it, and instead of plead-

ing the statute, relies upon other facts in avoidance of his contract, the same result will follow. But if, admitting the contract, he sets up the statute, or if, denying the contract, he puts the plaintiff to his proof, he must in either case prevail: In the first case, because the statute is an all-sufficient defense, though the facts be admitted; in the second, because where the facts are denied, and the plaintiff is put to the proof, he must necessarily fail for want of proof which meets the requirements of the law. Even where there is a material variation in the contract as averred by the plaintiff and admitted by the defendant, there can be no recovery upon the admission, except upon an amended bill or declaration adopting the statement of the contract as admitted.''

The last sentence of the above quotation from the Metcalf case is peculiarly applicable to, and appears to us to be decisive of, the case at bar. There is here a material variation in the contract as averred by the complainant and admitted by the defendant, and therefore there could be no recovery upon the contract except upon an amended bill adopting the statement of the contract as admitted. It is true that, as held in the cases of *Walton* v. *Lowrey,* 74 Miss. 484, 21 So. 243, and *Blair* v. *Frank B. Russell & Co.,* 120 Miss. 108, 81 So. 785, "a sale of growing timber by parol is a license, and authorizes an entry upon the land." But the mere fact that one enters under such a license and cuts timber does not entitle the owner to recover therefor under the contract, whatever may be his rights to recover the actual value of the timber so cut, or cut and removed.

For the error herein indicated, the decree of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

## On Suggestion of Error.

On a former day this cause was reversed and remanded, and the opinion written contains a full statement of the case and may be referred to for a statement of the facts involved. The bill of complaint sought a recovery upon an oral contract of sale of timber standing, lying, and being on certain lands belonging to the appellee. By its decree the court below found that the appellant entered the lands under this contract and cut and removed from the appellee's land one hundred fifty-four thousand four hundred forty-six feet of timber, for which a recovery was awarded at the contract price of five dollars per thousand feet, and on appeal it was contended that this decree was erroneous for the reason that it was predicated upon an alleged verbal contract which was void under the statute of frauds (Hemingway's Code 1927, section 3325). On this point we then held that the statute of frauds was applicable to the facts shown by the record, and that there could be no recovery under the contract for the timber so cut.

The appellee has filed a suggestion of error, in which it is contended that the timber, for the contract price of which the appellee seeks to recover, was cut and appropriated by the appellant, and the oral contract for the sale of the timber was fully executed, and consequently the statute of frauds does not apply and the appellee is therefore entitled to recover the contract price of the timber so cut and appropriated. It is the settled doctrine in this state that the mere failure to discharge mutual monetary obligations on a verbal contract otherwise completed does not render such contract unenforceable under the statute of frauds (*Fronkling* v. *Berry,* 125 Miss. 763, 88 So. 331, and authorities therein cited), and if, under the facts in this record, the verbal contract was fully executed, the former opinion is clearly erroneous on account of the failure to therein recognize and apply

this rule. The bill of complaint filed in the court below sought a recovery, not only for the contract price of the timber cut and removed from the land, but also charged a failure on the part of the appellant to complete the contract by cutting and removing all the timber covered thereby, and sought to recover damages for this alleged default. The proof offered at the trial tended to show that, while the appellant had cut over this land, and had appropriated a large quantity of timber, and had removed his teams and logging equipment out of the state, still there remained standing on the land a large quantity of timber which was within the dimensions which he had contracted to cut and remove and pay for at the contract price of five dollars per thousand feet, and therefore that the contract had only been partially performed. The appellee, however, offered no proof to establish the amount of such timber so left standing on the land, or to establish the damages alleged in the bill of complaint to have been sustained by him by reason of such default, and the court below allowed recovery only for the value of the timber cut and appropriated by the appellant.

In the former opinion we held that by reason of the application of the statute of frauds to the facts here involved, the decree of the court below allowing a recovery for the amount of timber actually cut and appropriated at the contract price of five dollars per thousand feet was erroneous; but after a reconsideration of the cause we have reached the conclusion that we erred in so holding. In the cases of *Walton* v. *Lowrey,* 74 Miss. 484, 21 So. 243, and *Blair* v. *Frank B. Russell & Co.,* 120 Miss. 108, 81 So. 785, it was held that "a sale of growing timber by parol is a license, and authorizes an entry upon the land;" and one who enters land under such a parol license, and cuts and appropriates timber growing thereon, is liable for the actual value of the timber so cut and

appropriated. The appellee undertook to testify as to the value of the timber at the time the contract was made, and at the time of the trial of the cause; but this testimony alone is too uncertain or indefinite to sustain the decree. The price or value of the timber as agreed upon under the terms of the contract, however, is an admission of the value by the appellant, and as such was admissible in evidence, and, while not conclusive evidence of the value of the timber, it was sufficient to support a decree fixing such value at the price named in the contract. Williston on Contracts, vol. 1, par. 536.

By its decree the court below found that the appellant cut and removed from appellee's land one hundred fifty-four thousand four hundred forty-six feet of timber, for which a recovery was awarded at five dollars per thousand feet. The appellee testified repeatedly that the logs that were cut and hauled to certain ramps and there sold to the Porter-Morgan Lumber Company scaled one hundred eleven thousand eight hundred thirty-six feet, while other logs cut amounted to thirty-eight thousand six hundred thirty feet, making a total of one hundred fifty thousand four hundred sixty-six feet. It thus appears that the decree allowed recovery for three thousand nine hundred eighty feet in excess of the amount warranted by the evidence, which at five dollars per thousand feet, amounted to nineteen dollars and ninety cents. The suggestion of error will be sustained, and the judgment heretofore entered set aside, and the decree of the court below will be affirmed, on condition that the appellee will enter a *remittitur* of nineteen dollars and ninety cents; otherwise it will be reversed and remanded.

*Affirmed, with remittitur.*