CARTER *v.* WITHERSPOON.

(Division A.   Feb. 24, 1930.)

[126 So. 388.   No. 28447.]

598

Fulton Thompson and R. H. & J. H. Thompson, all of Jackson, for appellant.

**W. H. Cox**, of Jackson, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal to settle the principles of the case, and is from a decree overruling a demurrer to an original bill. The bill alleges, in substance, that the complainant, the appellee here, entered into an oral agreement with the defendant, by which the complainant agreed to live with, care for, and provide for the financial support of, the defendant as long as she lived; for which the defendant was to bequeath and devise to him all of her property, both real and personal; that the complainant complied with his agreement, lived with, cared for, and supported the defendant for a number of months, when she forced him to leave her home, and served notice on him that she did not intend to comply with her promise to devise and bequeath her property to him.

The bill then set forth the value of the services rendered to defendant by the complainant, the amount which he had spent in her support, and asked for a judgment therefor.

The bill also averred that a portion of the money advanced by the complainant was for the purpose of paying off purchase-money notes on a portion of the real property owned by the defendant, and prayed that the complainant be subrogated to this purchase-money lien, to the extent of the money advanced by him for the payment of these notes.

The bill also averred that the defendant owned certain real property, and prayed that the complainant be given a lien thereon for the damages to be recovered by him for the breach by the defendant of her agreement to devise the property to him.

The demurrer challenged the bill as a whole, and also in detail. Counsel for both of the parties seem to fear that the rule prohibiting the inclusion of a special demurrer in a general one may have been here violated,

and request us to disregard that question, and decide the legal points presented—and this we will do.

The appellant's contentions are, first, an oral promise to devise land is void under the statute of frauds; second, the suit was prematurely brought; third, the bill discloses no right in the complainant to be subrogated to the alleged purchase-money lien; fourth, most of the items of the account filed as an exhibit to the bill are barred by the three-year statute of limitations, section 3099, Code of 1906, Hemingway's 1927 Code, section 2637; fifth, one of the items of expense alleged to have been incurred by the complainant for the defendant appears, from the statement thereof in the account filed as an exhibit to the bill, not to have been incurred; sixth, the complainant is not entitled to a lien on the defendant's land for any damages he may recover.

It will not be necessary for us to decide the first of these propositions. If the agreement is within the statute of fraud, and, therefore, not binding on the defendant, the complainant nevertheless has the right to recover the value of his services, and the money advanced by him to the defendant under the agreement. Ellis v. Berry, 145 Miss. 652, 110 So. 211; Singletary v. Ginn, 153 Miss. 700, 121 So. 820; 27 C. J., 363.

If the agreement is not within the statute of frauds, then the complainant is entitled to recover, in event it has been broken by the defendant.

It is true that ordinarily an agreement to devise or bequeath property is not broken until the death of the promisor without the devise or bequest having been made. But such a contract in this respect is no different from any other, and, where the promisor disavows the agreement, and states his intention not to comply therewith, there is an anticipatory breach of the promise, and an action for damages therefor then accrues. 13 C. J. 651; 6 R. C. L. 1024.

No question as to the statute of limitations can here arise, for the reason that the complainant was without

the right to sue, and the statute could not begin to run, until the contract was broken by the defendant.

The complainant's claim to the right of subrogation to a lien that formerly existed on a portion of the land in favor of another rests solely on the allegation that he "paid off the purchase-money notes thereon." This allegation does not disclose, except by implication, that these notes were secured by a lien; and the mere discharge by one of a lien on the property of another does not entitle him to the right of subrogation thereto.

One of the items of expense alleged to have been incurred by the appellee was the purchase by him of certain building material. This is set forth in the bill of particulars therefore, filed with the bill of complaint, as follows: "Jackson Lumber Company, Aug. 25— 1927, 8 rolls red roof #3(400') 10# 8 Com nails (not yet paid) $34.50."

If the complainant incurred the obligation to pay for this material, he is entitled to recover therefor, though he had not actually paid for it. If it should appear that he had not, and would not, pay therefor, a different question would be presented.

Except in so far as it invokes the doctrine of subrogation, the complainant's cause of action is simply one for damages cognizable in an action at law, and he has no right to a lien, therefore, on the defendant's property.

The grounds of the demurrer which challenge the appellee's right to subrogation to the alleged purchase-money liens, and to a lien on the appellant's real property, for any damages he may here recover, go only to a portion of the bill, and therefore present no ground for the dismissal of the bill as an entirety.

That the cause of action set forth in the bill is legal and not equitable presents no ground for reversing the decree of the court below. Section 147 of the state Constitution.

Affirmed and remanded.