# Milam *v.* Paxton *et al.*

(Division B. May 12, 1931.)

[134 So. 171. No. 29265.]

Brunini & Hirsch, of Vicksburg, for appellant.

564

**Thames & Thames,** of Vicksburg, and **F. L. Wright,** of Jackson, for appellees.

**Griffith, J.,** delivered the opinion of the court.

In the year 1917 appellant and appellee W. G. Paxton had an oral agreement by which appellant was to purchase of said appellee the lands in Sharkey county, described in the bill. The purchase price agreed upon was three thousand dollars, and the payments thereon were to be in installments at such times and in such amounts as should be agreeable to appellant. On December 26, 1917, appellant paid eight hundred dollars of said price, and on the next day appellee Paxton, by letter, acknowledged receipt thereof as part payment and promised to forward deed as soon as same could be conveniently prepared, and the letter expressly authorized appellant to go immediately into possession of the land, which she did. On April 1, 1919, appellant made another payment of eight hundred dollars, which Paxton acknowledged by a formal receipt, reciting that it was "on account of payment on property in Sharkey county."

Thereupon and thereafter appellant insisted that the deed of conveyance for said property be executed and delivered to her, and Paxton continued to promise and assure her that he would attend to the matter, and would do so as soon as he could get together the proper data and arrange with his attorney to prepare the papers. Later appellant asked the aid of said attorney, and the attorney, who was a friend of both the parties, sought to get the matter closed, and Paxton repeated his promises to the attorney, making divers excuses that he had been theretofore much occupied with other matters, and had for that reason been unable to attend to this transaction, but still promising that he would soon see to it that the proper papers were executed. This continued until the latter part of the year 1924, when one of the tenants to whom appellant had rented a portion of the property advised appellant that Paxton had notified the said ten-

ant that the rent should be paid to him (Paxton), which was the first intimation to appellant that Paxton was preparing to repudiate the agreement; and this Paxton did later do, on December 28, 1925, by conveying the land to the appellee McClelland, and thereafter appellant was put out of possession.

On April 15, 1929, appellant filed her bill for specific performance of said contract, and for general relief, and later an amended bill was filed. To these bills a general demurrer of "no equity" was filed, and also a special demurrer interposing, among others, the special ground of the bar of the statute of limitations. The court sustained both the general and the special demurrers, and dismissed the bill.

The action of the court was right so far as concerns the prayer for specific performance. There was nothing in writing which described or identified the lands, or stated the total amount of the purchase price, or the terms of payment; and, in this state, part performance does not take the case out of the statute, which requires a contract for the sale of lands to be in writing. Section 3343, Code 1930, and annotations thereunder. But we think the bill states a case for relief in respect to the recovery of the purchase money paid, and that the right of such recovery is not barred by the statute of limitations.

It is a familiar principle of law that, where payments are made by a purchaser under a parol contract for the sale of land, and the vendor refuses to complete the transaction by the execution of the necessary deed, the purchaser may recover the amount or amounts paid as for money had and received; and it is equally well established that the statute of limitations begins to run against the action for the recovery of said purchase money only from the date when the vendor declines to execute the agreement, or else takes some such affirmative action as will be equivalent to an announcement that he will not further recognize the said parol con-

tract of sale. 37 C. J., pp. 858, 859, and cases cited un-
der notes 26 and 27. See, also, Farmer v. Best, 246
Mich. 434, 224 N. W. 399. So long as the parol vendor
continues to promise a conveyance and to give assurance
that the oral contract will be performed, he is manifestly
not in a position to invoke the statute of limitations;
and that is the case here, as the stated facts disclose.
27 R. C. L., p. 628; 2 Wood on Limitations (4 Ed.), pages
794, 795.

The six-year statute of limitations applies (Code 1930,
section 2292), because both the letter and the receipts
hereinbefore mentioned state the amounts received, and
that the money was received on account of the purchase
of the property, although the property is not definitely
described. This is a sufficient acknowledgment in writ-
ing of a state of facts out of which the law implies an
obligation to repay, and therefore the obligation to re-
pay does not rest in parol. Fowlkes v. Lea, 84 Miss.
509, 515, 516, 36 So. 1036, 68 L. R. A. 925, 2 Ann. Cas.
466. See, also, Cock v. Abernathy, 77 Miss. 872, 28
So. 18; Washington v. Soria, 73 Miss. 665, 19 So. 485,
55 Am. St. Rep. 555; Benefit Association v. Bank, 99
Miss. 610, 635, 55 So. 408.

Appellees do not in their briefs undertake to contro-
vert the propositions covered in the two foregoing para-
graphs, but they center their efforts to uphold the action
of the trial court, in dismissing the bill in its entirety,
upon the contention that, because the particular relief
prayed by appellant in her bill was for a specific per-
formance, and for an accounting, not of any sum due to
appellants, but of the amount of balance required of ap-
pellants to pay to appellees, appellant cannot now under
her prayer for general relief fall back upon another
or alternate theory of recovery and demand a decree
under this bill, in the manner in which it has been drawn,
for the purchase money paid by her. Appellees make
a strong argument that the facts stated in the bill in

respect to the payments by appellant of part of the purchase money were mere incidental or subordinate recitals in the statement by appellant of the facts which she avers would entitle her a specific performance, and that these incidental facts cannot now be transmuted into dominant or controlling facts for a recovery under another theory, that is to say, under the different theory that she is entitled to the recovery of the purchase money paid.

The reason upon which the rule contended for by appellees is based is that the opposite party cannot be expected to give contestable attention to the mere incidents of the narrative of a bill. On the other hand, the rule is firmly established by numerous decisions of this court that under the general prayer any relief will be granted which the established main facts of the bill justify, provided that the relief so granted be such, fairly considered, as will not operate to the surprise or prejudice of the defendant, reasonable alertness having been exercised on his part. The averments of this bill in respect to the payments made on the purchase money are main or principal facts, and the law is so well settled and is so familiar to all that, in the event the purchaser is unable to secure specific performance of a contract of purchase, he is entitled to his purchase money, it could cause no surprise that this lesser relief should be grantable here under the prayer for general relief. The office of a prayer for general relief is to enable the court to grant the relief which a case warrants if the complainant has mistaken the special relief, or to enable the court to grant appropriate relief if for any reason it is unable to grant the specific relief asked. The rule may be summarized in the statement that, although a complainant may not be entitled to all he demands in his bill, if he shows enough to be entitled to some relief, he can have the relief, under the general prayer, to which he is actually entitled, so long as this is upon facts

which may be fairly regarded as among the main facts averred, and no surprise to the opposite party is thereby unjustly caused.

We express no opinion on the other features of the case, among which are whether appellant may recover in whole or in part for the improvements placed by her upon the land, or whether she is entitled to a lien on the said land for her said purchase money paid or for the improvements. These questions have not been fully discussed in the briefs, and we remit them to the chancellor, so that the parties may first have the benefits of his opinion as to all of the reserved questions.

Reversed and remanded.