PINCUS *et al. v.* COLLINS.

(In Banc. May 28, 1945. Suggestion of Error Overruled Sept. 24, 1945.)

[22 So. (2d) 361. No. 35866.]

J. E. Stockstill, of Picayune, for appellants.

J. M. Morse, of Poplarville, and R. E. Steen and Grayson B. Keaton, both of Picayune, for appellee.

Griffith, J., delivered the opinion of the court.

Under a written contract, signed and acknowledged by all the parties, appellee furnished the material and constructed a dwelling house for appellants. Certain payments were to be made at the beginning of the work and at the completion and still further payments were to be

made monthly thereafter, and for the security of these payments, the following stipulation was inserted in the contract:

"It is further agreed that the party of the first part shall retain a lien upon the above described house until same has been paid in full."

More than one year after the last payment had become due, appellee filed his bill to foreclose the lien to make the balance of the money. Appellants interposed the defense that all that appellee had under the contract was a mechanic's lien, and that this was barred. Under a stipulation by the parties, this was the sole question to be determined by the court.

Appellants argue that a mechanic's lien is unknown either at law or in equity, and that such a lien exists only by statute and can be enforced only as the statute provides. This is true, but it does not prevent the creation of a contract lien in the nature of a mortgage to cover the price under the mechanic's or materialman's contract, and that done, the only remaining question is whether the taking of the contract lien has waived the mechanic's and materialman's lien, a question which does not arise here. And if it be the purport of appellants' argument that all that was meant by the quoted stipulation was to give a mechanic's lien, we cannot agree; for it was not necessary to insert the stipulation if that was all that was meant, since the law would put in the mechanic's lien without any provision to that effect.

We must ascribe to the parties a real purpose in the inclusion of the stipulation and we must find the purpose from the terms used. Simply defined, an equitable lien, when created by contract, is the right by which a creditor is entitled to obtain satisfaction of his debt by resort to specified property belonging to the debtor, and no particular form of expression is necessary in such a contract so long as it is clear that the debtor intended to create

the encumbrance. While the language here used is awkward, it is sufficient to disclose the intention, and the court was correct in giving it enforcement.

Affirmed.