## BURTON v. ATKINS.

(In Banc. Jan. 14, 1946. Suggestion of Error Overruled Feb. 25, 1946.)

[24 So. (2d) 355. No. 35999.]

**J. H. O'Neal**, of Clarksdale, for appellant.

Breland, Brocato & Lowrey, of Clarksdale, for appellee.

Argued orally by **J. H. O'Neal** for appellant.

**Griffith, J.,** delivered the opinion of the court.

The principal point in this case is whether a chattel mortgage may be given by parol on personal property of

a value of fifty dollars or more and when there has been no delivery of it to the mortgagee—a new question in this state so far as we can find. It is not contended that the oral language here used was insufficient, as to which compare Pincus v. Collins, 198 Miss. 283, 22 So. (2d) 361, and there is adequate testimony to support the verdict on the facts.

It seems to be well recognized that at the common law such a mortgage is valid as between the parties, and this is supported by the latest texts and the cases cited therein. See 10 Am. Jur., Chattel Mortgages, Sec. 52, p. 750, and 14 C. J. S., Chattel Mortgages, sec. 49, p. 654. Some difference of opinion among the cases has arisen, however, whether the statute of frauds, our Section 268, Code 1942, Section 3347, Code 1930, dealing with sales of personal property, requires a chattel mortgage of property of fifty dollars or more in value to be in writing, but the weight of authority appears to be in the negative on the ground that while a chattel mortgage embraces some features of a sale, yet the relationship is not that of seller and buyer, and that when the money is advanced at the time of the mortgage agreement this will be tantamount to a payment in part of the purchase price which will itself take the transaction out of the statute. See 49 Am. Jur., Stat. Frds., sec. 241, pp. 558, 559; 37 C. J. S., Frauds, Statute of, sec. 141, p. 626.

We must, therefore, answer the question stated in the first paragraph hereof in the affirmative; and while it may be thought on a casual approach that a contrary rule would be safer and better, it will be found upon a close examination of the reported cases that under a variety of circumstances justice would sometimes be defeated unless the rule were upheld as stated.

It is complained that the verdict is insufficient in form and in contents to support the judgment. The verdict of which appellant speaks is an unsigned writing found apparently on a separate sheet of paper, but the verdict on which the court acted is recited in the judgment itself and thus the verdict recited in the judgment is the re-

corded verdict, and the verdict when and as recorded on the minutes is the only one to which the appellate court can look, 64 C. J., p. 1103; and certainly so when, as here, there is nothing in the record to show that the jury did not amend their verdict and return it, before being released from the case, in the amended form recited in the judgment. 2 Thompson on Trials, Sec. 2635, p. 1920.

As to the other procedural points, they were not made in the trial court and are such that they may not, for the first time, be urged on appeal.

Affirmed.