HARDY v. CANDELAIN.

In Banc. Nov. 8, 1948.

(37 So. (2d) 360)

**Stone & Stone,** for appellant.

John Horan, for appellee.

**Smith, J.**

This case is before us on an interlocutory appeal from the Chancery Court of the Second District of Yalobusha County; and the errors assigned are overruling of a general and a special demurrer to the original bill.

Appellee was complainant and the son-in-law of appellant, the defendant, whom he was visiting at the time the cause of the litigation arose. The original bill, where pertinent and necessary for decision, averred that the parties agreed orally that appellant would convey his home and a half interest in his mercantile business to appellee for the consideration of $5,000, who was to, and did, deposit $1,000 thereof in a Water Valley Bank to the credit of appellant. This was made as a general deposit.

The bank was also made a party, in an apparent effort to establish a trust relationship, but its demurrer to the original bill was sustained by the Chancellor, no cross-appeal was taken, and that issue is not before us.

The bill further charged that appellant, defendant, failed and refused to comply with the agreement, or to refund the $1,000 deposited to his credit by appellee as a part of the consideration for compliance therewith. There was an averment that the $1,000 was obtained by appellant from appellee ''by fraud and that the complainant was over reached.''

The prayer of the bill was for a ''decree directing the said Bank and the said W. D. Hardy to pay the said money to complainant. And he prays for general relief.''

 The appellant's general demurrer charged that there "is no equity on the face of the original bill." As stated, supra, the Chancellor overruled it and granted appellant an appeal to this Court to settle all of the controlling principles of the case. Sec. 1148, Code 1942. The principles of the case have long been settled in the State, and hence no appeal was necessary to settle them here, and the granting of the appeal accordingly was improvident.

 Appellee could not sue for specific performance, since the oral contract was unenforceable under the statute of frauds, but his remedy was recovery of the money he paid on the consideration for the broken contract. Carter v. Witherspoon, 156 Miss. 597, 126 So. 388; Ellis v. Berry et al., 145 Miss. 652, 110 So. 211; Singletary v. Ginn, 153 Miss. 700, 121 So. 820.

This Court has passed specifically upon the point upon which this issue turns, saying: "It is a familiar principle of law that where payments are made by a purchaser under a parol contract for the sale of land, and the vendor refuses to complete the transaction by the execution of the necessary deed, the purchaser may recover the amount or amounts paid as for money had and received . . ." Milam v. Paxton et al., 160 Miss. 562, 134 So. 171, 172. That is the kind of case, according to the original bill, which is before us, since the demurrer admits the facts therein set forth. The charge of fraud, it will be seen, is therefore immaterial and surplusage.

 We pretermit discussion of the special demurrer, as it is procedural matter and cannot be brought before us for appellate decision on an interlocutory appeal.

We, therefore, regard the action of the Chancellor as correct in overruling the appellant's general demurrer to the original bill; but we consider it error for him to have granted an interlocutory appeal in this case, for the reason that we have nothing satisfactory before us that decision here will be effective to furnish a definite

guide throughout the case on the merits thereof. An additional reason is that the principles applicable to the suit, as set out in the original bill, are already clearly settled, and no difficulty of their application here arises. Stirling et al. v. Whitney Nat. Bank et al., 170 Miss. 674, 150 So. 654.

It is, therefore, ordered that the appeal be dismissed.

Appeal dismissed.