ROBERTSON, Justice.
A bill of complaint was filed by James Rex Bryan against his brother, Baremore Bryan, Jr. in the Chancery Court of Union County, Mississippi. In his answer, Bare-more asserted several affirmative defenses, one of which was the three-year statute of limitations against actions “on any/unwrit *85 ten contract, express or implied.” [Miss. Code Ann. § 15-1-29 (1972)].
After a separate preliminary hearing, the Chancellor sustained this affirmative defense. Complainant appeals.
In his bill of complaint filed June 15, 1973, complainant averred that defendant:
“[E]ntered into an oral contract with complainant wherein the defendant agreed to deed to complainant an undivided one-half interest in one acre of land owned by defendant and included in the above described property for the consideration of the complainant’s constructing a building approximately 32 feet by 100 feet upon said one acre plot. In said building the defendant was to locate a grocery store in one-half and complainant was to locate a laundrymat and restaurant in the other half.

“Following the completion of the building, defendant opened a grocery store in one side of the building and complainant opened a laundrymat in the other side. Complainant, after consulting with the defendant, and with his consent, decided not to install a restaurant in the remaining part of the building because such installation of a restaurant would cause the fire insurance on the entire building to be much higher than if the restaurant were not installed.
“The complainant and the defendant then extended their original contract to include terms whereby the defendant would deed to the complainant fee simple title to one acre of land adjoining the original one acre on which the building had been constructed for the consideration of the complainant trading to defendant the part of the original building in which the complainant’s restaurant was to have been located.”
Complainant charged that defendant never executed a deed to him of an undivided one-half interest in the original one acre, or a deed to the one acre of land adjoining the original one-acre tract. Complainant averred that defendant in October, 1969, put him off of the property and threatened him with death if he attempted to “set foot on the property again”.
Complainant charged that thereafter defendant wrongfully began to use his machinery and equipment and “refused and continues to refuse to allow complainant upon the premises to claim said property or pay complainant for same.”
Complainant averred that he bought and paid for materials, equipment and labor in constructing the building, and itemized these expenses, totaling $10,031.31, in Exhibit A to the bill of complaint.
Complainant’s prayer was:
“[T]hat on the final hearing a Decree be entered against said defendant for the recovery of $10,031.31, together with the cost of this suit, and that an equitable lien be declared in favor of the complainant for the payment of said sum against the building and the above land on which it stands, or on one acre of land on which the said building is located, and that the same be foreclosed and complainant be reimbursed for his aforesaid investment expenses!’ (Emphasis added).
After finding that this was an oral contract for the sale of lands, falling under the statute of frauds [Miss.Code Ann. § 15-3-1 (1972)], the chancellor sustained the affirmative defense of the three-year statute of limitations set forth in Mississippi Code Annotated section 15-1-29 (1972). That Section provides:
“Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause *86 of such action accrued, and not after.”
(Emphasis added).
We think that the chancellor was correct in his findings of fact and conclusions of law.
Although complainant by his own admission was ousted in October, 1969, he waited until June IS, 1973, approximately three years and eight months later, to bring suit for the recovery of his expenses in constructing the building on his brother’s property.
In Carter v. Witherspoon, 156 Miss. 597, 126 So. 388 (1930), this Court held that parties entering into an oral contract for the sale or conveyance of land were not without remedy, but that their remedy was in quantum meruit or quantum valebant. In Carter, the complainant averred that he:
“[E]ntered into an oral agreement with the defendant, by which the complainant agreed to live with, care for, and provide for the financial support of, the defendant as long as she lived; for which the defendant was to bequeath and devise to him all of her property, both real and personal; that the complainant complied with his agreement, lived with, cared for, and supported the defendant for a number of months, when she forced him to leave her home, and served notice on him that she did not intend to comply with her promise to devise and bequeath her property to him.
“The bill then set forth the value of the services rendered to defendant by the complainant, the amount which he had spent in her support, and asked for a judgment therefor.” 156 Miss. at 601, 126 So. at 388.
The lower court overruled a general demurrer. This Court affirmed and remanded, saying:
“It will not be necessary for us to decide the first of these propositions [‘an oral promise to devise land is void under the statute of frauds’]. If the agreement is within the statute of fraud, and, therefore, not binding on the defendant, the complainant nevertheless has the right to recover the value of his services, and the money advanced by him to the defendant under the agreement. Ellis v. Berry, 145 Miss. 652, 110 So. 211; Singletary v. Ginn, 153 Miss. 700, 121 So. 820; 27 C.J. 363.” 156 Miss. at 602, 126 So. at 389.
Somewhat analogous is the case of Hardy v. Candelain, 204 Miss. 328, 37 So.2d 360 (1948), wherein this Court said:
“Appellee could not sue for specific performance, since the oral contract was unenforceable under the statute of frauds, but his remedy was recovery of the money he paid on the consideration for the broken contract. Carter v. Witherspoon, 156 Miss. 597, 126 So. 388; Ellis v. Berry et al., 145 Miss. 652, 110 So. 211; Singletary v. Ginn, 153 Miss. 700, 121 So. 820.
“This Court has passed specifically upon the point upon which this issue turns, saying: ‘It is a familiar principle of law that, where payments are made by a purchaser under a parol contract for the sale of land, and the vendor refuses to complete the transaction by the execution of the necessary deed, the purchaser may recover the amount or amounts paid as for money had and received . . . ’ Milam v. Paxton, et al., 160 Miss. 562, 134 So. 171, 172. This is the kind of case, according to the original bill, which is before us, since the demurrer admits the facts therein set forth. The charge of fraud, it will be seen, is therefore immaterial and surplusage.” 204 Miss. at 332, 37 So.2d at 361.
The decree of the chancery court, sustaining the defense of the three-year statute of limitations, is affirmed.
*87 This case was considered by a conference of the Judges en banc.
Affirmed.
PATTERSON, SMITH, SUGG and BROOM, JJ., concur.
GILLESPIE, C. J„ RODGERS, P. J., and INZER and WALKER, JJ., dissent.