LEE, Justice, for the Court:
The Chancery Court of Harrison County entered a decree in favor of James O. Bowling against Earline H. Dobbs impressing an equitable lien in the sum of twenty-two thousand one hundred seventy-nine dollars and eighty-two cents ($22,179.82) on property conveyed to Dobbs, and ordered a sale of same to satisfy the lien. Dobbs appeals from that judgment.
The only question here is whether or not the trial court erred in impressing the lien against appellant’s property.
Mrs. Dorothy Lee Hicks held title to a home and lot in Biloxi, which had an appraised value of one hundred twenty-one thousand dollars ($121,000.00). The property was encumbered by a first mortgage in favor of First Guaranty Savings & Loan Association for approximately forty thousand dollars ($40,000.00), and a second mortgage in favor of Robert Mandell for thirteen thousand two hundred dollars ($13,-200.00). The mortgages were in arrears and Mr. Hicks entered into an agreement with Bowling in February, 1974, wherein Bowling would pay the arrearages and bring the mortgages current [See Appendix]. In return, Mrs. Hicks would convey the property to Bowling with her right to repurchase said property within one hundred twenty (120) days for the sum of twenty-three thousand eight hundred seventeen dollars and seventy-two cents ($23,817.72). The matter was discussed with Mrs. Hicks over the telephone, and she orally agreed to the terms. Thereupon, Bowling obtained two checks, one in the sum of fifteen thousand five hundred dollars ($15,500.00) which satisfied and can-celled the Mandell mortgage, and another in the sum of three thousand one hundred dollars ($3,100.00) which was applied to the mortgage held by First Guaranty Savings & Loan, and brought the mortgage up-to-date. In June, that mortgage became delinquent again, and, in order to prevent *986 foreclosure proceedings and in order to protect his interest, Bowling delivered to First Guaranty another cheek in the sum of four thousand dollars ($4,000.00) which made the loan current.
Mrs. Hicks never executed the conveyance of the property to Bowling, and on June 13,1974, she and Mr. Hicks executed a warranty deed conveying it to Mrs. Earline Dobbs, the instrument reciting a consideration of ten dollars ($10.00) and assumption of the outstanding mortgage in the sum of forty thousand four hundred four dollars and thirteen cents ($40,404.13). Bowling had learned about the intended conveyance; he notified Mrs. Dobbs of his claim against the property, instituted suit on June 24, 1974, and a lis pendens notice was filed of record on the same day. The Dobbs deed was filed for record July 18, 1974. Therefore, the rights of Bowling against Hicks were preserved against Dobbs by actual notice and by the ¡is pendens notice.
Did the court err in holding that appellee was entitled to an equitable lien against the property?
The following discussion of an equitable lien is found in 53 C.J.S. Liens § 4, at 845 (1948):
“Payment of another’s debts or liabilities. Where debts or claims against property are paid in good faith by another on the express or implied request of the owner of the property, the one so paying is entitled to an equitable lien on the property for his reimbursement. However, a person is not entitled to such lien if he voluntarily pays the debts of another without such other’s request, unless, under the circumstances, the latter is es-topped to deny the lien; nor is he entitled to a lien if he makes such a payment in order to obtain wrongful possession of the property.”
The Court, in defining an “equitable lien” in Pincus v. Collins, 198 Miss. 283, 22 So.2d 361 (1945), stated as follows:
“Simply defined, an equitable lien, when created by contract, is the right by which a creditor is entitled to obtain satisfaction of his debt by resort to specified property belonging to the debtor, and no particular form of expression is necessary in such a contract so long as it is clear that the debtor intended to create the encumbrance. While the language here used is awkward, it is sufficient to disclose the intention, and the court was correct in giving it enforcement.” 198 Miss, at 287-288, 22 So.2d at 362.
Appellant cites Lewis v. Williams, 186 Miss. 701, 191 So. 479 (1939), and Reid v. Horne, 187 So.2d 316 (Miss.1966). The Lewis case involved a suit on an oral agreement for the conveyance of land and was an attempt to establish a constructive trust which would require the conveyance. The Court held that, if the oral agreement constituted a constructive trust, “then, we shall have practically abolished the statute of frauds, ...” 186 Miss, at 712, 191 So. at 481.
Reid was a suit to compel enforcement of an oral agreement permitting Horne to build and use a road across Reid’s property (an irrevocable license), and the Court held that an irrevocable license was an interest in land, was within the statute of frauds and refused to require enforcement of the oral agreement. These eases are distinguishable from the case at bar.
Hardy v. Candelain, 204 Miss. 328, 37 So.2d 360 (1948), stated the rule allowing recovery of money expended under an unenforceable contract:
“Appellee could not sue for specific performance, since the oral contract was unenforceable under the statute of frauds, but his remedy was recovery of the money he paid on the consideration for the broken contract. Carter v. Witherspoon, 156 Miss. 597, 126 So. 388; Ellis v. Berry et al., 145 Miss. 652, 110 So. 211; Singletary v. Ginn, 153 Miss. 700, 121 So. 820.
This Court has passed specifically upon the point upon which this issue turns, saying: ‘It is a familiar principle of law that, where payments are made by a purchaser under a parol contract for the sale of land, and the vendor refuses to com- *987 píete the transaction by the execution of the necessary deed, the purchaser may recover the amount or amounts paid as for money had and received. * * ” 204 Miss, at 332, 37 So.2d at 361.
In Carter v. Witherspoon, 156 Miss. 597, 126 So. 388 (1930), Witherspoon filed suit to recover for services .rendered Carter upon an oral agreement wherein Carter agreed to bequeath and devise' property to Wither-spoon in consideration of the care and support rendered to Carter during her lifetime. A demurrer to the bill of complaint was overruled and was affirmed by this Court. Appellee also claimed that he had “paid off the purchase-money notes thereon [land].” The Court said:
“It will not be necessary for us to decide the first of these propositions. If the agreement is within the statute of fraud, and, therefore, not binding on the defendant, the complainant nevertheless has the right to recover the value of his services, and the money advanced by him to the defendant under the agreement. Ellis v. Berry, 145 Miss. 652, 110 So. 211; Singletary v. Ginn, 153 Miss. 700, 121 So. 820, 27 C.J. 363.
* * * * * *
The complainant’s claim to the right of subrogation to a lien that formerly existed on a portion of the land in favor of another rests solely on the allegation that he ‘paid off the purchase-money notes thereon.’ This allegation does not disclose, except by implication, that these notes were secured by a lien; and the mere discharge by one of a lien on the property of another does not entitle him to the right of subrogation thereto.
* * * * * *
Except in so far as it invokes the doctrine of subrogation, the complainant’s cause of action is simply one for damages cognizable in an action at law, and he has no right to a lien, therefore, on the defendant’s property.” 156 Miss, at 602, 603, 126 So. at 389.
It was indicated in the Carter, case that had the appellant fully pled the payment of purchase-money notes and the doctrine of subrogation, the theory of subrogation would have prevailed.
Prater v. Prater, 208 Miss. 59, 43 So.2d 582 (1949), involved a conveyance by Mrs. Prater to Mrs. Stribling of certain lands encumbered by a mortgage. Mrs. Prater’s deed included her husband as a joint grantee, but the deed was altered to reflect only Mrs. Prater as grantee. Mrs. Stribling paid and satisfied the mortgage, and, in the suit by Mr. Prater to declare his one-half (V2) interest, the Court held that, while she was vested only with an undivided one-half (Vfc) interest in the property, Mrs. Stribling was entitled to an equitable lien against the one-half (V2) interest of Mr. Prater to secure one-half (V2) the amount she had paid in discharging the lien.
In Fletcher v. Nemitz, 186 So.2d 232 (Miss.1966), Mrs. Nemitz, daughter of Mrs. Fletcher, moved from Ohio to Mississippi upon the oral promise of Mrs. Fletcher that she would convey certain property to Mr. arid Mrs. Nemitz, when they paid off a seven-thousand-dollar ($7,000.00) loan on same. After the loan was paid, Mrs. Fletcher declined to execute the deed. The lower court held that a constructive trust arose in favor of Mrs. Nemitz, and, in reversing the case and holding that the facts did not justify a constructive trust and that the oral promise was unenforceable under the statute of frauds, the Court said:
“Mrs. Fletcher concedes that if there was an oral promise to convey, Mrs. Nem-itz has an equitable lien on the flower shop property to secure the sums paid on the construction loan which the trial court held to be purchase money payments.” 186 So.2d at 237.
It is indicated that, if Mrs. Fletcher had not conceded an equitable lien arose in favor of Mrs. Nemitz, the Court would have impressed the lien.
The Court held in Robert G. Bruce Co. v. Spears, 187 Miss. 405, 187 So. 756 (1939), that where appellant paid Spears for timber on his lands under an oral contract of sale, and the money was used to discharge encumbrances against the property, upon the *988 refusal of Spears to permit the timber to be cut, appellant was entitled to have the deed of trust and tax liens revived and to be subrogated to the rights of the holders whose claims appellant’s money had paid.
And, in Kellner v. Kellner, 241 Miss. 53, 129 So.2d 391 (1961), the Court in quoting from Oxford Production Credit Association v. Bank of Oxford, 196 Miss. 50, 16 So.2d 384 (1944), stated:
“ ‘The right of subrogation is founded, not upon contract, but upon justice and equity, and rests upon the principle that substantial justice should be attained regardless of form. It is a creature of equity, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in equity and good conscience, ought to pay it.’ Oxford Production Credit Ass’n. v. Bank of Oxford, 196 Miss. 50, 16 So.2d 384, 388.” 241 Miss, at 62, 129 So.2d at 395.
It is undisputed that the sums paid by Bowling were applied in satisfaction of the mortgage to Mandell and were applied to the First Guaranty mortgage to prevent foreclosure. Mrs. Dobbs received property with an appraised value of $121,000.00 for the sum of $40,403.13. It would be inequitable and unconscionable to permit her and the .Hicks to be unjustly enriched and to escape payment of the sums expended by Bowling which inured to their benefit. We, therefore, hold that Bowling was subrogat-ed to the rights of the lienholders in the amounts paid by him and that he was entitled to an equitable lien on the property to secure the payment thereof.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
APPENDIX
State of Mississippi
County of Harrison
February 20, 1974
AGREEMENT
This memorandum of an agreement made and entered into this date by and between James 0. Bowling and Clyde E. Hicks.
It is hereby understood and agreed by the aforementioned: That, since James O. Bowling has seen fit to prevent the property of Clyde E. and Dorothy Hicks, known as 4805 Washington Avenue, Lot 8, Block 64, Bayou View Subdivision, City of Gulfport, Harrison County, Mississippi, from foreclosure proceedings on February 21,1974.
That Dorothy Hicks will afford James O. Bowling a deed to the property and it shall be considered his, until the agreed amount of money has been recovered by James O. Bowling.
The amount agreed upon for a period not to exceed 120 days is $23,718.72, from the above date.

*989 STATE OF MISSISSIPPI
COUNTY OF HARRISON
Personally came and appeared before me, the undersigned authority, in and for the aforesaid jurisdiction, the within named James 0. Bowling, who acknowledged before me that he executed and delivered the within and foregoing on the day and date herein shown for the purpose and purposes therein intended.
GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the 20th day of February, A.D., 1974.
/s/ Oscar B. Ladner_
NOTARY PUBLIC
My Commission Expires July 8,1977.