# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-CT-00368-SCT

*SEL BUSINESS SERVICES, LLC, AND SKIP
LLOYD*

*v.*

*WILBURN LORD, JR., SHARKEY COUNTY,
MISSISSIPPI, ISSAQUENA COUNTY,
MISSISSIPPI AND SHARKEY-ISSAQUENA
COMMUNITY HOSPITAL*


## <u>ON WRIT OF CERTIORARI</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 03/02/2021 |
| TRIAL JUDGE: | HON. JAYE A. BRADLEY |
| TRIAL COURT ATTORNEYS: | TIMOTHY D. MOORE |
| | C. W. WALKER, III |
| | FRANK J. DANTONE, JR. |
| | JOHN P. SNEED |
| | CHARLES EDWARD COWAN |
| COURT FROM WHICH APPEALED: | SHARKEY COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | C. W. WALKER, III |
| ATTORNEYS FOR APPELLEES: | FRANK J. DANTONE, JR. |
| | JOHN P. SNEED |
| | CHARLES EDWARD COWAN |
| | EDWARD D. LAMAR |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 04/13/2023 |
| MOTION FOR REHEARING FILED: | |


**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     In ***Barriffe v. Estate of Nelson***, 153 So. 3d 613, 620-21 (Miss. 2014), this Court held that "an equitable lien is not appropriate to enforce a contract that otherwise fails to meet the requirements of the statute of frauds." And it is of course true that a contract for the sale of land that has not been reduced to writing is unenforceable. So specific performance *of the oral contract* is not an available remedy. But, contrary to ***Barriffe***'s suggestion, that does not mean that a would-be property purchaser—when he fails to reduce the sales contract to writing—never has any *equitable* recourse. Instead, long-standing Mississippi precedent has allowed equitable claims when contract-enforcement claims fail due to the statute of frauds. *E.g.*, ***Powell v. Campbell***, 912 So. 2d 978, 981-82 (Miss. 2005); ***Koval v. Koval***, 576 So. 2d 134, 138 (Miss. 1991); ***PMZ Oil Co. v. Lucroy***, 449 So. 2d 201, 206 (Miss. 1984); ***Dobbs v. Bowling***, 339 So. 2d 985, 986 (Miss. 1976).

¶2.     Here, both the chancery court and Court of Appeals relied on ***Barriffe*** to conclude that the statute of frauds bars not just claims for equitable liens but *all potential equitable remedies.* We granted SEL Business Services, LLC, and Skip Lloyd's petition for writ of certiorari to overrule the erroneous ***Barriffe*** decision and to reinstate this Court's long-standing equitable principles.

¶3.     Consequently, we affirm in part and reverse in part the judgment of the Court of Appeals. Specifically, we reverse the chancellor's dismissal of SEL and Lloyd's equitable claims against the would-be seller of the building, Dr. Wilburn Lord. We affirm the chancellor's judgment of dismissal as to the remaining defendants. And we remand the case to the chancery court for further proceedings consistent with this opinion.

**Background Facts and Procedural History**

¶4.    Lord had agreed to sell SEL and Lloyd (collectively, SEL) a building in Rolling Fork, Mississippi, for $60,000.  SEL moved into the building and alleges to have begun making improvements and paying the taxes.  But Lord never followed through with the sale.  Instead, on July 8, 2020, Lord sold the building to Sharkey Issaquena Community Hospital, a community hospital operated by Sharkey and Issaquena Counties (collectively, Hospital Defendants).

¶5.    SEL initially sought to enjoin the sale.  On July 7, 2020, SEL filed a petition for injunctive relief against Lord in Sharkey County Chancery Court.   Two weeks later, SEL filed an amended petition, adding the Hospital Defendants.  In the amended complaint, in addition to seeking the injunction, SEL alleged Lord breached his contract with SEL to sell the building.  SEL requested specific performance.  Alternatively, SEL alleged detrimental reliance and promissory estoppel.  SEL finally requested, "should the Court find that specific performance, promissory estoppel and/or equitable estoppel are somehow inapplicable and/or the Contract should not otherwise be enforced based on the principles of equity and/or other grounds/for other reasons, . . . [that] the Court disgorge all funds paid to Defendants and/or otherwise award all monetary damages available under Mississippi law."

¶6.    Both Lord and the Hospital Defendants moved for summary judgment based on the statute of frauds.  They claimed the statute of frauds barred not only SEL's contract-based claim for specific performance but also any "derivative" equitable claims.  At the summary judgment hearing, SEL conceded that the oral contract for the sale of the building was

3

unenforceable. For that reason, injunctive relief to specifically enforce the sales contract was not available. But SEL insisted its equitable claims were still viable and that the statute of frauds does not bar unjust enrichment claims.

¶7. The chancellor granted both summary judgment motions and dismissed all of SEL's claims. Relying on *Barriffe*, 153 So. 3d 613, the chancellor held the statute of frauds not only barred SEL's claim for specific performance of the oral property-sales contract but also *any* equitable remedy. SEL timely appealed. And we assigned the appeal to the Court of Appeals, which affirmed. *SEL Bus. Servs., LLC v. Lord*, No. 2021-CA-00368-COA, 2022 WL 2037761 (Miss. Ct. App. June 7, 2022). Citing *Barriffe*, the Court of Appeals agreed that SEL's claims of equitable estoppel and unjust enrichment were barred due to the failure to reduce the property-sales contract to writing. *Id.* at *3.

¶8. SEL petitioned this Court for writ of certiorari, which we granted.

## Discussion

¶9. We granted certiorari to correct the false notion that the statute of frauds always bars not just specific performance of an oral contract to sell property but also any equitable remedy. As part of our review, we conclude that *Barriffe* cannot merely be distinguished on its facts. Instead, we find that *Barriffe* must be overruled to the extent it holds that the statute of frauds bars, as a matter of law, any claim for an equitable lien and other forms of equitable remedies.

¶10. In *Barriffe*, a couple moved into and made significant improvements to an apartment on a relative's property. *Barriffe*, 153 So. 3d at 616. There was an understanding that their

4

relative would transfer the property to them. The relative later refused to deed them the property. So the Barriffes sued. *Id.* The chancellor imposed a constructive trust for the value of the improvements, resulting in an equitable lien on the property. *Id.* On appeal, a majority of this Court held the chancellor had erred by imposing the equitable lien. *Id.* at 621. And the reason for the error was the statute of frauds, which requires contracts involving the transfer of real property to be in writing. *Id.* (citing Miss. Code Ann. § 15-3-1(c) (Rev. 2012)). Citing *Dobbs*, the *Barriffe* majority reasoned that "[a]n equitable lien cannot save a contract that violates the statute of frauds." *Barriffe*, 153 So. 3d at 621 (citing *Dobbs*, 339 So. 2d at 986).

¶11. But *Dobbs* simply does not support *Barriffe*'s conclusion. *Dobbs*, 339 So. 2d at 986-88. *Dobbs* did not preclude equitable remedies when a contract fails under the statute of frauds. Instead, *Dobbs* actually *affirmed* the imposition of an equitable lien. *Id.* at 988. In *Dobbs*, the property owner appealing the imposition of the equitable lien had cited *Lewis v. Williams*, which "involved a suit on an oral agrement for the convenyance of land and was an attempt to establish a constructive trust which would require the conveyance." *Dobbs*, 339 So. 2d at 986 (citing *Lewis v. Williams*, 186 Miss. 701, 191 So. 479, 481 (1939)). The *Dobbs* court acknowledged *Lewis*'s holding that, "if the *oral agreement* constituted a constructive trust, 'then, we shall have practically abolished the statute of frauds . . . .'" *Id.* (emphasis added) (quoting *Lewis*, 191 So. at 481). And it is this "practically abolished" language from *Lewis* via *Dobbs* that the *Barriffe* majority seized on. *Barriffe*, 153 So. 3d at 621 n.20.

¶12. But ***Dobbs*** dismissed the property owner's reliance on ***Lewis***, finding that case was distinguishable. ***Dobbs***, 339 So. 2d at 986. The ***Dobbs*** Court then proceeded to discuss the long-standing "rule allowing recovery of money expended under an unenforceable contract." ***Id.*** Of course, the would-be buyer "could not sue for specific performance, since the oral contract was unenforceable under the statute of frauds," but that did not leave him with no remedy. ***Id.*** (quoting ***Hardy v. Candelain***, 204 Miss. 328, 37 So. 2d 360, 361 (1948)). Rather, "his remedy was recovery of the money he paid on the consideration for the broken contract." ***Id.*** (quoting ***Hardy***, 37 So. 2d at 361). Indeed, "[i]t is a familiar principle of law that, where payments are made by a purchaser under a parol contract for the sale of land, and the vendor refuses to complete the transaction by the execution of the necessary deed, the purchaser may recover the amount or amounts paid as for money had and received . . . ." ***Id.*** at 986-87 (quoting ***Hardy***, 37 So. 2d at 361).

¶13. That is what happened in ***Dobbs***. The oral agreement between the property owner and would-be purchaser—that the would-be purchaser would pay off the first and second mortgages, which were in arrears, in exchange for the property—was unenforceable. ***Id.*** at 985. But the chancery court imposed an equitable lien on the property. ***Id.*** This equitable lien was for the amount the would-be purchaser spent to pay off the mortgages. And the court even ordered the sale of the property to satisfy the lien. ***Id.*** This Court affirmed the imposition of the equitable lien, explaining that "[i]t would be inequitable and unconscionable to permit [the property owners] to be unjustly enriched and to escape payment of the sums expended . . . which inured to their benefit." ***Id.*** at 988.

¶14.    So **Dobbs** does not support **Barriffe**'s conclusion that an equitable lien cannot be imposed for the value of improvements made to a property when the oral agreement for transfer of the property in exchange for the improvements fails due to the statute of frauds. "An equitable lien cannot save a contract that violates the statute of frauds." **Barriffe**, 153 So. 3d at 621.  But it *can* in some instances provide a remedy for money expended under the unenforceable contract.  **Dobbs**, 339 So. 2d at 986.  As this Court has previously said, the statute of frauds does not apply to an equitable lien that arises by law, because such a lien rests on the principles of justice and fairness and not whether an enforceable contract had been formed.  **Koval**, 576 So. 2d at 138.

¶15.    The same is true for the equitable estoppel, which "is a well-established exception to our statute of frauds."  **PMZ Oil Co.**, 449 So. 2d at 206; *see also* **Swartzfager v. Saul**, 213 So. 3d 55, 65 (Miss. 2017) (alternatively holding that, "even if there was no enforceable contract," the property owner was "estopped from denying the [property] deal he struck"); **Powell**, 912 So. 2d at 981-82 ("The doctrine of equitable estoppel may be used to enforce an oral contract which would otherwise be unenforceable under the statute of frauds." (citing **Koval**, 576 So. 2d at 137;  **Sanders v. Dantzler**, 375 So. 2d 774, 776 (Miss. 1979))).  "Our cases have repeatedly held that, where the elements of equitable estoppel are present, the statute of frauds constitutes no bar to enforcement of that to which a party has agreed." **PMZ Oil Co.**, 449 So. 2d at 206.

¶16.    Similarly, this Court has certainly affirmed unjust enrichment awards in cases where there was no legal contract.  In fact, "[u]njust enrichment *only* applies to situations where

7

there is no legal contract and 'the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another." ***Powell***, 912 So. 2d at 982 (quoting ***Koval***, 576 So. 2d at 136); *see also* ***Hughes v. Shipp***, 324 So. 3d 286 (Miss. 2021) (affirming dismissal of breach-of-contract claim due to the statute of frauds but reversing and remanding unjust enrichment claim).

¶17.    For these reasons, we overrule ***Barriffe*** to the extent it held that the statute of frauds barred not only specific performance of an oral contract but also any equitable recovery for the value of improvements to the property.  While we are very mindful of the rule of *stare decisis*, that rule "is not completely immutable, but is flexible enough to admit of change . . . where the previous rule of law would perpetuate error and wrong would result if the decisions were followed."  ***Laurel Daily Leader, Inc. v. James***, 224 Miss. 654, 80 So. 2d 770, 781 (1955).  And, here, we find allowing ***Barriffe*** to stand would undoubtedly perpetuate clear error and lead to inequitable results.

¶18.    We thus affirm in part and reverse in part the judgment of the Court of Appeals.  The chancellor's summary judgment ruling in favor of Lord is reversed in part.  Specifically, we reverse the chancellor's dismissal of SEL's equitable claims against Lord as derivative claims barred by ***Barriffe***.  But at this summary judgment stage, we pass no judgment on the merits of his claims or whether he is entitled to any equitable remedy.  That is because material fact questions exist concerning whether and to what extent SEL paid money as consideration for the broken oral contract and/or made improvements to Lord's building. We

8

instead remand SEL's equitable claims against Lord to the chancery court for further proceedings consistent with this opinion.

¶19.    We affirm the grant of summary judgment to the Hospital Defendants, against which SEL has no equitable claims.

¶20.    **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**